```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

BRENT BRIGGS and ENERGY            )
CONSERVATION SYSTEMS, INC.,        )
                                   )
    Plaintiffs,                    )
                                   )  No. 3:03-0791
v.                                 )  JUDGE ECHOLS
                                   )
ENERGY AUTOMATION SYSTEMS,         )
INC., and JOSEPH C. MERLO,         )
                                   )
    Defendants.                    )
                                   )
                                   )
ENERGY AUTOMATION SYSTEMS,         )
INC.,                              )  No. 3:03-0792
                                   )  JUDGE ECHOLS
    Plaintiff,                     )
                                   )
v.                                 )
                                   )
BRENT BRIGGS,                      )
                                   )
    Defendant.                     )

## MEMORANDUM

Pending before the Court is Plaintiffs' Motion for A New Trial (Docket Entry No. 121 in No. 3:03-0791), to which Defendants responded in opposition.

Originally, there were two lawsuits filed by the parties. The first was a federal lawsuit filed on August 28, 2003, by Plaintiffs Brent Briggs ("Briggs") and Energy Conservation Systems, Inc. ("ECS") against Energy Automation Systems, Inc. ("EASI") and Joseph C. Merlo (Case No. 3:03-0791). Prior to the federal filing, EASI had filed a state court action on August 22, 2003, against Briggs in the Chancery Court for Sumner County, Tennessee. Briggs removed that case to this Court based on diversity jurisdiction on

1

August 29, 2003 (Case No. 3:03-0792). The cases were consolidated for discovery and trial. In this Memorandum, the Court will refer to Briggs and ECS as "Plaintiffs" and EASI and Merlo as "Defendants."

Both cases were tried before a jury on February 7-10, 13-16, 2006. The jury returned its verdict finding that Plaintiffs failed to prove their claims of intentional and negligent misrepresentation of material facts, intentional and negligent failure to disclose material facts, and violation of the Tennessee Consumer Protection Act ("TCPA") which were brought against Defendants Energy Automation Systems, Inc. ("EASI") and Joseph C. Merlo. The jury further found that Defendant EASI did not prove Plaintiff Briggs misappropriated EASI's confidential or proprietary property information, intentionally interfered with EASI's prospective business relationships, or defamed EASI.

Plaintiffs now move for a new trial on their claims pursuant to Federal Rule of Civil Procedure 59(a). Plaintiffs contend the jury's findings are against the weight of the evidence and thus should be overturned and a new trial granted.

## I. STANDARD OF REVIEW

A new trial may be granted to rectify a "'seriously erroneous result.'" Holmes v. City of Massillon, 78 F.3d 1041, 1046 (6th Cir. 1996). In ruling on a motion for new trial, the Court "must compare the opposing proofs, weigh the evidence, and set aside the verdict only if it determines that the verdict is against the clear weight of the evidence." United States v. L.E. Cooke Co., 991 F.2d

2

336, 343 (6th Cir. 1993). The motion should be denied if the jury reasonably could have reached its verdict. Id. The verdict is not unreasonable simply because different inferences and conclusions could have been drawn from the evidence or because a different result might have been more reasonable. Id. Witness credibility is a matter solely within the jury's province, and this Court may not remake credibility determinations. McDonald v. Petree, 409 F.3d 724, 731 (6th Cir. 2005).

## II. ANALYSIS

Plaintiffs contend the verdict is against the weight of the evidence because they proved: (1) EASI misrepresented the total number of installations accomplished in its twenty-year history when it claimed 60,000 to 80,000 installations; (2) EASI misrepresented that a dealer could make back his investment in the $29,875.00 dealership fee within a matter of months; (3) EASI misrepresented that its products would achieve 20 to 40% in energy savings; (4) EASI misrepresented that each new dealer would make 50 to 60% profit on each installation of EASI products; and (5) EASI misrepresented that each project carried with it a guarantee of savings, unless the customer waived the guarantee in writing. Additionally, Plaintiffs contend they proved that Defendants intentionally or negligently failed to disclose EASI's high dealer failure rate and that EASI gained more profit from dealership sales than it did from product sales. In addition to proving the fraud claims, Plaintiffs assert they also proved that Defendants' actions

3

amounted to unfair and/or deceptive acts and/or practices under the TCPA.

Defendants suggest that Plaintiffs ignore evidence admitted at trial that was not favorable to them, and that Plaintiffs did not prove each and every element of their claims, resulting in the jury's verdict in Defendants' favor. Having compared the opposing proofs and weighed the evidence, the Court cannot say that the jury's verdict was a seriously erroneous result. See Holmes, 78 F.3d at 1046; L.E. Cooke Co., 991 F.2d at 343.

The jury heard evidence that Plaintiff Briggs spoke with Defendant Merlo and Tye Swift about EASI in the fall of 2001. Plaintiff received the EASI BottomLine promotional book and reviewed its contents. At trial Plaintiff testified that the failure rate of EASI dealers and information about EASI's financial situation was important to him in deciding to buy a dealership and that he asked for such information. However, Plaintiff also conceded that he did not obtain the information from Defendants before sending a dealership purchase check to Defendant Merlo in mid-December 2001, to be held pending Plaintiff's attendance at an EASI seminar in January 2002. After attending the first day of the seminar, Defendant Merlo asked Plaintiff if he was prepared to purchase the dealership. Plaintiff did not press Defendant Merlo for the dealer failure rate and financial information he had early requested; instead, he allowed EASI to negotiate his check for the dealership fee and he remained at the seminar for dealer training. The jury reasonably could have found that this information was not

material to Plaintiff Briggs at the time he purchased the dealership, but that the information became material only in "20/20" hindsight.

The jury heard substantial favorable evidence about Plaintiff Briggs, his impressive background, and his interactions with Defendants and EASI dealers. While Plaintiffs took some steps to investigate EASI before buying a dealership, the jury reasonably could have found that Plaintiffs could have, or should have, done more. The jury learned that Plaintiff Briggs was employed at other full-time jobs while he tried to sell EASI systems.

Plaintiffs presented credible evidence about efforts to sell an EASI system to Heacock Lumber, the difficulties encountered and the additional costs Plaintiffs incurred as a result of the installation, the failure of the installation to achieve electric savings, and EASI's failure to stand behind its EPAC guarantee on the project. Hurtful to Plaintiff's credibility, however, was the evidence that Plaintiff Briggs tried to sell his dealership to other individuals and entities to recoup his dealership fee. During the course of his attempts to sell his dealership, Plaintiff did not reveal to the prospective buyers the claimed misrepresentations contained in the BottomLine promotional booklet, the alleged oral misrepresentations made to him before, during, and after initial training, and the other alleged false and misleading representations he discovered after becoming a dealer. When he failed to find a buyer for his own dealership, he sought to earn a commission from EASI in addition to recouping his own dealership

5

fee by selling dealerships for EASI. During the course of those discussions with EASI and others, Plaintiff made positive statements about EASI. When he could not sell dealerships, he offered to work for EASI by training EASI dealers. When that plan was rejected by EASI, Briggs tried to convince other potential dealers not to buy a dealership or do business with EASI, and he engaged in conduct to disparage the Defendants.

The jury considered all of the evidence under the guidance of the Court's thorough jury instructions. The jury reasonably could have determined that certain information was not material to Plaintiffs; that Plaintiffs failed to prove their justifiable reliance on Defendants' representations; that Defendants did not have a duty to disclose certain information to Plaintiffs; or that Plaintiffs did not prove they would have acted differently if such information had been disclosed. The jury reasonably could have determined after considering all of the evidence that Defendants did not intend to make misrepresentations of fact or did not intend to conceal material facts. The jury could have found that Plaintiffs failed to carry their burden to prove that certain representations were actually false or that Defendants acted negligently. With regard to the TCPA claim, the jury reasonably could have found that Defendants' acts and practices were not unfair or deceptive under the law, or that EASI's dealerships did not qualify as franchises protected under federal franchise law. The jury also may have found that Plaintiff Briggs engaged in some of the same false and misleading conduct alleged against the

6

Defendants after his dealership failed, and he was acting vindictively in retaliating against Defendants.

The positions of the parties were well-tried by the attorneys, and the evidence was hotly contested on both sides. The jury judged the credibility of the witnesses, reviewed the testimony and exhibits, weighed all the evidence, and properly served its fact-finding function after hearing several days of testimony. The jury found that Plaintiffs failed to prove their claims against Defendants in No. 3:03-0791 and that Defendant EASI failed to prove its claims against Plaintiff Briggs in No. 3:03-0792 by a preponderance of the evidence. To this extent, the jury's verdict was "a wash."

## III. CONCLUSION

Having weighed the trial evidence, the Court cannot say that the jury's decision was unreasonable or that it was seriously erroneous. Accordingly, Plaintiffs' Motion for A New Trial will be denied.

An appropriate Order shall be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE